## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-22-211-G** |
| | ) | |
| **DARRICK LAMONT SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is Defendant Darrick Lamont Smith's pro se Motion for Reduction of Sentence (Doc. No. 77), seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines ("USSG").[1]  The Government has filed a Response (Doc. No. 90), arguing that Defendant received the benefit of the Amendment at his initial sentencing.  The Office of the Federal Public Defender has submitted a Notice (Doc. No. 94), stating that Defendant does not qualify for relief under Amendment 821.  And finally, the United States Probation Office has submitted a Preliminary Report (Doc. No. 78), also stating that Defendant is ineligible for the relief requested.  The matter is now at issue.

### I.    *Background*

On December 13, 2023, following Defendant's conviction on two counts of possessing a firearm despite being prohibited by reason of a prior felony conviction in

---

[1] Following submission of the Motion, Assistant Federal Public Defender Laura Deskin was appointed to represent Defendant pursuant to General Order No. 23-6 (W.D. Okla. Nov. 1, 2023).  *See* Doc. No. 85.

violation of 18 U.S.C. § 922(g)(1), the Court held a sentencing hearing. The Presentence Report ("PSR," Doc. No. 56) found that, under the United States Sentencing Guidelines, the offense level for the conduct at issue was 26, the total criminal history score for Defendant was 14, the criminal history category for Defendant was VI, and the recommended range of imprisonment was 120 to 150 months. *See id.* ¶¶ 73, 132. The Court adopted the PSR with one modification. *See* SOR (Doc. No. 64) at 1. Specifically, recognizing that Amendment 821—which had taken effect after submission of the PSR but prior to the sentencing hearing—had changed how "status points" are calculated and applied under USSG § 4A1.1, the Court found that paragraphs 72 and 73 of the PSR should be modified to reflect the addition of only one status point (rather than two) and, as a result, Defendant's total criminal history score should be reduced from 14 to 13. *See id.* The Court found that this change did not affect the resulting guideline range for imprisonment because a criminal history score of 13 still put Defendant in criminal history category VI. *See id*; USSG ch. 5, pt. A.

After considering the recommended range of imprisonment as calculated under the Sentencing Guidelines, and independently examining the factors set forth in 18 U.S.C. § 3553, the Court sentenced the defendant to 120 months' imprisonment on each felon-in-possession count. *See* SOR at 4; J. (Doc. No. 63) at 2. Further, the Court ordered that 30 months of the sentence for one count be served consecutively to the sentence on the other count, resulting in a total term of imprisonment of 150 months. *See* J. at 2.

II.     *Standard of Review*

A federal court generally may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2), however, as Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

III.    *Discussion*

Defendant seeks a sentence reduction pursuant to Part A of Amendment 821 to the USSG. *See* Def.'s Mot. (Doc. No. 77) at 2. Amendment 821 took effect on November 1, 2023, and applies retroactively. *See* USSG, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited June 24, 2024); USSG § 1B1.10(d).

Part A of Amendment 821 changes the computation of criminal history points that are added if the defendant committed the offense "while under any criminal justice sentence"—commonly referred to as "status points." USSG § 4A1.1(e).

> Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a "defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

*United States v. Corral-Estrada*, No. 3:14-cr-00088, 2024 WL 1554203, at *2 (D. Nev. Apr. 9, 2024).

Here, Defendant had 12 criminal history points prior to the application of any status points. *See* PSR ¶ 71. Consistent with the amended USSG § 4A1.1, the Court, upon finding that Defendant had committed the offenses at issue while under a criminal justice sentence, added one status point rather than two. *See* SOR at 1; PSR ¶ 72. But even with the amendment applied, Defendant's total of 13 criminal history points still resulted in a criminal history category of VI. *See* SOR at 1; USSG ch. 5, pt. A.

Accordingly, Defendant has already received the benefit of Amendment 821 and is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Hardimon*, No. CR-22-327-G, 2024 WL 2000654, at *2 (W.D. Okla. May 6, 2024); USSG § 1B1.10(a)(2) (providing that a reduction in the defendant's term of imprisonment following an amendment to the guidelines is not authorized under 18 U.S.C.

§ 3582(c)(2) if the amendment does not have the effect of lowering the defendant's applicable guideline range).

CONCLUSION

For the reasons explained above, Defendant Darrick Lamont Smith's Motion for Reduction of Sentence (Doc. No. 77) is DENIED.

IT IS SO ORDERED this 26th day of June, 2024.

CHARLES B. GOODWIN
United States District Judge